# HOWARD *v.* HEY.

PATENTS; REVERSIBLE ERROR; ABANDONED EXPERIMENT; REDUCTION TO
PRACTICE.

1. A concurrence of decision by all the tribunals of the Patent Office adverse to an appellant to this court upon a matter of fact renders it necessary for him to make out a very clear case of error in order to obtain a reversal; *following* Hisey v. Peters, 6 App. D. C. 68; Hien v. Buhoup, 11 Id. 293; Glenn v. Adams, 12 Id. 175; Esty v. Newton, 14 Id. 50.
2. Where in an interference case involving priority of invention of a stamp-canceling machine, one of the parties to which filed his application February 17, 1890, and the other May 31, 1887, it appeared that the former, the junior applicant, completed and operated his machine upon letter mail in the Boston post-office for several days in 1883, and then after partly dismantling it, laid it aside and never again operated or tested it in public, while the testimony of two employees of the post-office, intended to show that it was successfully operated, was vague and indefinite, and the assignee of the junior applicant, who furnished the money for making the machine in 1883, although claiming to have subsequently employed another party merely to devise a new feeding device for the machine, caused applications covering the entire machine to be filed in the name of such other party, it was *held*, that the testimony did not show reduction to practice, but a mere abandoned experiment on the part of the junior applicant; *following* Beals v. Finkenbiner, 12 App. D. C. 23; Warner v. Smith, 13 Id. 111; Traver v. Brown, 14 Id. 34; Esty v. Newton, 14 Id. 50; Fefel v. Stocker, 17 Id. 317; Reichenbach v. Kelley, 17 Id. 333.

No. 171.  Patent Appeals.  Submitted March 14, 1901.  Decided April 2, 1901.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Fred E. Tasker* for the appellant.

*Mr. George W. Hey* in proper person.

Mr. Justice SHEPARD delivered the opinion of the Court:

Appellant, Elijah L. Howard, appeals from a decision of the assistant Commissioner of Patents awarding priority of invention to George W. Hey of a stamp-canceling machine, devised for use in post-offices.

The issue of interference is in the following terms:

" The combination with a letter-feeder, of a marking-roller, and an impression-roller, one of which is yieldingly mounted relatively to the other, and means for intermittently separating them when no letter is passing, and a device in the letter-path operated by the passing letter to render such separating means inoperative."

The burden of proof was upon Howard, who filed application February 17, 1890, to overcome the priority of Hey acquired by filing his application nearly three years before, namely, May 31, 1887.

Howard introduced testimony tending to prove his allegations of conception of the invention of the issue in 1882, and its successful reduction to practice in February, 1883. He produced his original machine which the proof tended to show had been operated in the Boston post-office about February 20, 1883. Though lacking some of its parts, this machine showed the material features of the issue.

It appears that the assignees of Howard had filed several applications and obtained patents for stamp-canceling machines, between 1884 and 1890, in the name of Ethridge, the inventor, which machines embodied the chief features of the mechanism of Howard. Interferences had been declared between Hey and Ethridge in respect to some of these, resulting in dissolution of interference in one case and award of priority to Hey in another. Hey introduced copies of these records and some expert evidence relating to the condition of the Howard machine when produced and offered in evidence. In respect of his own invention, of which he had alleged conception in February, 1884, and reduction in December, 1885, he introduced no evidence, but stood upon the date of his application.

The case was, therefore, made to turn upon the sufficiency of Howard's evidence to establish the successful reduction to practice of his machine by its use for some days in the Boston post-office in February, 1883.

Each tribunal of the Patent Office in succession held this evidence insufficient, and, therefore, awarded priority to Hey.

The first stamp-canceling machine of this general character, so far as the record shows, was made by Thomas Leavitt in Boston as early as 1877, and Henry E. Waite advanced the money for its construction and was interested in it. This had serious defects which rendered its use impracticable. Howard had been a machinist in Leavitt's shop, and in 1882 undertook to improve on Leavitt's mechanism. Waite advanced the necessary money and was the real owner of the machine constructed by Howard in December, 1882.

To operate this machine, the letters had to be properly faced and packed upon a receiving-board which presented them to the clutching device in turn. Each letter was seized, carried between the rolls, and, at the proper place, received the canceling-imprint. To prevent the deposit of ink upon the pressure-roll, the mechanism was so arranged as to revolve the rolls without contact of the printing-die when no letter was engaged. This was accomplished by the operation of cams that slightly separated the two rolls, when the printing-die on the printing-roll was presented by its revolution to the impression cylinder or roll.

A tripping finger or trigger was arranged, which, when moved, rendered the cams inoperative, thus bringing the rolls in contact. When in normal motion the space between the rolls would admit the letter. The letter would spring the trigger, thereby rendering the cam inoperative, for the time, and bringing the rolls together for the impression of the die upon the letter.

When completed, the machine was taken to the Boston post-office by Waite and Howard, and, under the latter's superintendence, was operated upon letter-mail several hours a day for from four to eight days, prior to February 20, 1883.

After this the machine was photographed from several

points of view, and these photographs were produced in evidence. It was then taken back to the shop and was never again operated or tested in public; but was partly dismantled and then laid aside.

In May or June of 1883 one Martin V. B. Ettridge communicated to Waite an idea of a canceling-machine with a feeding device operated by a belt for the delivery of the letters to the printing device, in consideration of Waite's promise to furnish $100 for the construction.

The Howard machine was shown to Ethridge, who then went to work to perfect his feeding device for application to a printing device embodying the features of Howard's machine. Ethridge's machine was made and operated in 1884 or 1885, and various applications for patents, heretofore referred to, were made for his machine and improvements. These were all intended for the benefit of Waite and his associates, and have been secured to a corporation organized by them.

In their argument in support of the claim of the successful reduction to practice of the Howard machine the counsel for the appellant say:

" The only difference between Ethridge and Howard is in the feed. The special advantage of Howard over earlier machines was in not blacking the backs of letters. This advantage was secured for Ethridge from the first and was intended to be, for the Howard machine was put in Ethridge's hands with directions to follow it in this respect, which he did."

Waite and Howard each testified to the successful operation of the machine upon thousands of letters in the Boston post-office, and of their satisfaction with the usefulness of the machine. Both admit, however, that some work was done upon it immediately afterward with a view to make it work more easily and with less noise.

Two subordinate officers of the post-office testified to the operation of the machine at the time claimed, but their testimony as to the extent, manner, and thoroughness of the operation was vague and indefinite, as might well be expected

10

of witnesses testifying sixteen years after the occurrence.

Counsel for the appellee, in support of their contention that the Howard machine was abandoned as a failure, after the experiment made with it, in favor of the invention of Ethridge and only recurred to after the unsuccessful issue of his interference with Hey, deny the identity of the Ethridge canceling mechanism with that of Howard.

In our view of the case it is not necessary to consume time with these differences. Ethridge was not offered as a witness by the appellant, and whilst Hey offered the record of his testimony in the interference case between them, before referred to, it has not been brought up in the record for submission to this court.

In passing, however, it may be remarked that, if Ethridge did no more than invent a feeding device for adaptation to Howard's successful canceling mechanism, it is strange that he should have claimed the entire machine as his own invention. Moreover, it is still more strange that the beneficiaries of both inventions should have caused applications to be filed in the name of Ethridge alone for all, instead of confining his claim to the improved feeding device and using the name of Howard as claimant of the invention of the novel canceling mechanism.

The several tribunals of the Patent Office, as we have seen, decided against the claim of Howard. In their opinion, under all the circumstances surrounding his acts and those of his assignees, the evidence of the tests made in the Boston post-office was not of sufficient certainty and weight to establish the fact of a successful reduction to practice; and that it showed nothing more than an abandoned experiment.

This concurrence of decision upon a mere matter of fact renders it necessary for the appellant to make out a very clear case of error in order to obtain a reversal. *Hisey* v. *Peters,* 6 App. D. C. 68, 71; *Hien* v. *Buhoup,* 11 App. D. C. 293; *Glenn* v. *Adams,* 12 App. D. C. 175, 178; *Esty* v. *Newton,* 14 App. D. C. 50, 53.

No such error has been shown, and we are of opinion that

priority was rightly awarded to the appellee Hey. We think it unnecessary to further discuss the evidence which has been carefully reviewed in all of the decisions referred to and weighed in the light of the rules heretofore declared by this court in a number of analogous cases. *Warner* v. *Smith,* 13 App. D. C. 111, 115; *Traver* v. *Brown,* 14 App. D. C. 34, 41; *Esty* v. *Newton,* 14 App. D. C. 50, 54; *Fefel* v. *Stocker,* 17 App. D. C. 317; *Reichenbach* v. *Kelley, idem,* 333; *Beals* v. *Finkenbiner,* 12 App. D. C. 23.

It follows that the decision appealed from must be affirmed. It is so ordered, and that the proceedings and decision of this court be certified to the Commissioner of Patents.

*Affirmed.*